**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTHONY MICHELBACK,

  **Plaintiff,**

v.                                                        No. CIV-14-1082 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

  **Defendant.**

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR REMAND

**THIS MATTER** is before the Court on *Defendant's Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g)* [*Doc. 30*], filed November 12, 2015.  Plaintiff filed a response to the motion on November 30, 2015 [*Doc. 31*], and Defendant filed a reply on December 7, 2015 [*Doc. 32*].   Having considered the motion, response, reply, record of the case, and relevant law, the Court finds that the motion is well-taken and should be **GRANTED in part** and **DENIED in part**.

In the motion, Defendant states that "[t]he Social Security Administration has further reviewed Plaintiff's case and determined that remand for further proceedings is warranted." [*Doc. 30* at 1].   Defendant, therefore, asks the Court to remand this case pursuant to sentence four of 42 U.S.C. § 405(g), which provides that the Court may, upon the pleadings and the transcript of the administrative record, enter judgment and remand the case for a rehearing.   *Id.*   While Plaintiff does not oppose Defendant's motion to remand, Defendant states that "the parties are unable to reach an agreement as to the precise language that should be included in the Court's remand order."   *Id.*   Defendant asks the Court to remand the case for additional administrative

proceedings, and "to specify in its order that the case is being remanded pursuant to sentence four of 42 U.S.C. § 405(g), and to direct the clerk to enter a judgment in accordance with Fed. R. Civ. P. 58, consistent with the decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993)."   *Id.* at 2.

In response to the motion, Plaintiff states that he consents to Defendant's motion for remand.   [*Doc. 31* at 1].   However, Plaintiff states that, because Plaintiff was found to be disabled beginning March 31, 2012, Plaintiff asks the Court to include language in the proposed remand order requiring the Commissioner on remand to consider Plaintiff's disability prior to March 31, 2012 only.   *Id.*   Plaintiff further states that, "[a]s the Administrative Law Judge in this case (ALJ Ann Farris) has a noted history of failing to properly consider treating physician opinion[s]," Plaintiff requests that the remand order "also include language specifically instructing the Commissioner to consider the evidence supplied by treating orthopedic surgeon Eric Benson, M.D."   *Id.* at 1-2.   Thus, Plaintiff asks the Court to issue an order remanding Plaintiff's case for additional administrative proceedings, and to "instruct the Commissioner to consider [Plaintiff's] disability prior to March 31, 2012 and to conduct a proper treating physician analysis of orthopedic surgeon Dr. Benson's opinion."   *Id.* at 2.

In reply, Defendant contends that "Plaintiff improperly asks that the Court place constraints upon the agency's further administrative proceedings."   [*Doc. 32* at 1].   Defendant explains that Plaintiff is appealing a partially-favorable ALJ decision issued June 5, 2013, which found that, as of the date Plaintiff's age category changed (March 31, 2012), the Medical-Vocational Guidelines directed a finding that Plaintiff was disabled based on Plaintiff's residual functional capacity ("RFC"), age, education, and work experience.   *See* [*Doc. 32* at 1-2] (citing *Doc. 16-3* at 19-21 and 32).   Defendant contends that Plaintiff's request that the Court apply the principles of administrative *res judicata* in its order of remand is improper because:

(1) the ALJ's decision is not final; and (2) an ALJ is not bound on remand by prior RFC assessments and may reassess Plaintiff's RFC based on the record as a whole.   [*Doc. 32* at 2-3] (citing *Poppa v. Astrue*, 569 F.3d 1167, 1170 (10th Cir. 2009)).   In addition, Defendant contends that including language directing the ALJ to conduct a proper treating physician analysis of Dr. Benson's opinion is unnecessary because "[t]he ALJ is required to follow the regulatory provisions in evaluating treating source opinions."   [*Doc. 32* at 4].

The Court agrees with Defendant that it would be improper to require the Commissioner on remand to consider only whether Plaintiff was disabled prior to March 31, 2012, because to do so would bind the Commissioner to the ALJ's earlier RFC determination.   The ALJ's decision here does not constitute a final decision for the purposes of *res judicata* because Plaintiff requested review by the Appeals Council, the Appeals Council denied review, and Plaintiff sought judicial review in this Court.   *See Poppa*, 569 F.3d at 1170 ("an ALJ's decision is binding on all parties to the hearing *unless the claimant requests review of the decision by the Appeals Council, the Appeals Council denies review, and the claimant seeks judicial review in district court*.") (citation and internal quotation marks omitted).   Therefore, on remand, it is within the ALJ's province to revise Plaintiff's RFC.   *See id.* (rejecting the claimant's argument that the ALJ on remand was precluded from reexamining the claimant's RFC); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1224 (10th Cir. 2004) (explaining that an ALJ is not bound on remand by an earlier RFC determination).   Since the ALJ's finding that Plaintiff was disabled as of March 2012 was based in part on the ALJ's prior determination of Plaintiff's RFC, and because the ALJ may revise Plaintiff's RFC on remand, it would not be proper to require the ALJ on remand to only consider whether Plaintiff was disabled prior to March 2012.   For these reasons, and because Plaintiff provides no authority for his contention that the ALJ should be bound by the earlier

finding regarding Plaintiff's disability, the Court will not order the ALJ on remand to only consider Plaintiff's disability prior to March 2012.

Next, the Court considers Plaintiff's request to require the ALJ on remand to conduct a proper treating physician analysis of Dr. Benson's opinion as Plaintiff's treating orthopedic surgeon.   While Defendant contends that this language is unnecessary because the ALJ is already required to properly consider treating physician opinions, Defendant fails to explain why adding the language would be improper.   Moreover, Plaintiff is correct that the Court has had prior problems with ALJ Farris' treatment of treating physicians' opinions in other cases, which makes the addition of such language appropriate here.   For these reasons, the Court will include language requiring the Commissioner on remand to conduct a proper treating physician analysis of Dr. Benson's opinion.

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g)* [*Doc. 30*] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that, pursuant to sentence four of 42 U.S.C. § 405(g) (2006), the Court hereby **REVERSES** the Commissioner's decision in this matter and **REMANDS** the cause to Defendant for further administrative proceedings as set forth in *Shalala v. Schaefer*, 509 U.S. 292 (1993).   Upon remand, the Commissioner will direct the ALJ to conduct a proper treating physician analysis regarding Dr. Benson's opinion as Plaintiff's treating orthopedic surgeon.

**IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**